1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID JEROME OLIVER SR., et al.,

11            Plaintiffs,                    No. 2:12-cv-2705 KJM DAD PS

12        vs.

13   SUPERIOR COURT OF THE STATE        ORDER AND
     OF CALIFORNIA FOR THE COUNTY       FINDINGS AND RECOMMENDATIONS
14   OF PLACER, et al.,

15            Defendants

16   _____/

17            This matter came before the court on March 29, 2013, for hearing of defendant's

18   motion to dismiss.  Andreas Garza, Esq. appeared telephonically for defendant Placer County

19   Superior Court.  Plaintiffs Genesia Lei Aloha Oliver and Mary Oliver appeared telephonically on

20   their own behalf.  No appearance was made by, or on behalf of, plaintiffs David Oliver or Chalise

21   Wilborn.[1]  Oral argument was heard and the motion was taken under submission.

22   /////

23   /////

24

25        [1] On March 4, 2013, plaintiff Chalise Wilborn filed a request to be dismissed from this
     action.  (Doc. No. 21.)  No opposition to that request has been filed.  Plaintiff Chalise Wilborn's
26   unopposed request will be granted.

                                         1

BACKGROUND

Plaintiffs commenced this action on October 30, 2012, by filing a complaint and paying the required filing fee.  (Doc. No. 1.)  Plaintiffs' complaint alleges claims pursuant to 42 U.S.C. § 1983 against the Placer County Superior Court for abuse of process, the intentional infliction of emotional distress and false arrest.  (<u>Id.</u> at 4-6.[2])

Counsel for defendant Placer County Superior Court ("defendant") filed the motion to dismiss now pending before the court on February 15, 2013.  (Doc. No. 20.)  Therein, defendant asserts that plaintiffs' complaint should be dismissed based on:  (1) the <u>Rooker-Feldman</u> Doctrine; (2) <u>Younger</u> abstention; and (3) sovereign immunity.  Plaintiffs' filed their opposition to the motion on March 4, 2013 (Doc. No. 22), and defendant filed its reply on March 19, 2013.  (Doc. No. 23.)

STANDARDS

I.  <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[3] is to test the legal sufficiency of the complaint.  <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>,  556 U.S. 662, 678 (2009).

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3]  Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

1     In determining whether a complaint states a claim on which relief may be granted,

2     the court accepts as true the allegations in the complaint and construes the allegations in the light

3     most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

4     United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

5     stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

6     520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

7     form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

8     Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

9     an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A

10    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

11    elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676

12    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13    statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

14    facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

15    not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

16    459 U.S. 519, 526 (1983).

17    In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is

18    permitted to consider material which is properly submitted as part of the complaint, documents

19    that are not physically attached to the complaint if their authenticity is not contested and the

20    plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los

21    Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

22    ANALYSIS

23    In their complaint plaintiffs allege as follows. On March 3, 2006, and May 22,

24    2006, the Placer County Superior Court[4] issued "illegal and unconstitutional" rulings in plaintiff

25

26    _____

      [4]  Plaintiffs on occasion erroneously refer to the court as the "Auburn Superior Court."

1 David Oliver's child custody dispute.  (Compl. (Doc. No. 1) at 4.)  On January 28, 2008, again

2 the Superior Court issued an "illegal and unconstitutional" ruling by finding that plaintiff David

3 Oliver violated a court order.  (Id.)  On August 25, 2009, the Placer County Superior Court

4 issued an "illegal and unconstitutional" restraining order against plaintiff David Oliver.  (Id. at

5 3.)  On July 10, 2010, the Superior Court "issues an order of 22 Counts of Contempt of Court-

6 Child Support Order" against plaintiff David Oliver.  (Id.)  In July of 2011, the Placer County

7 Superior Court again issued a restraining order against plaintiff David Oliver.  (Id.)  On

8 November 16, 2011, the Placer County Superior Court found that plaintiff David Oliver was a

9 vexatious litigant.  (Id.)  On June 4, 2012, the Placer County Superior Court issued a "Lifetime

10 Restraining Order" against plaintiff David Oliver.  (Id. at 2-3.)

11      Plaintiffs' allege that as a result of the alleged misconduct on the part of the

12 defendant Placer County Superior Court, plaintiff David Oliver was arrested and illegally

13 imprisoned for 90 days.  (Id. at 6.)  Plaintiffs also alleged that the defendant's misconduct caused

14 plaintiffs to suffer mental and emotional distress.  (Id. at 5.)

15      Pursuant to the Rooker-Feldman doctrine, federal district courts lack jurisdiction

16 to review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman,

17 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only

18 in the United States Supreme Court).  The Rooker-Feldman doctrine "stands for the relatively

19 straightforward principle that federal district courts do not have jurisdiction to hear de facto

20 appeals from state court judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir.

21 2010).  See Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district

22 courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over

23 state court decisions.").

24      Under the Rooker-Feldman doctrine, a federal district court is precluded from

25 hearing "cases brought by state-court losers complaining of injuries caused by state-court

26 judgments rendered before the district court proceedings commenced and inviting district court

4

1    review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

2    U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders

3    and judgments, but to interlocutory orders and non-final judgments issued by a state court as

4    well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001);

5    Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

6            The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment

7    of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where

8    the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a

9    federal district court from exercising subject matter jurisdiction over a suit that is a de facto

10   appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th

11   Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de

12   facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an

13   allegedly erroneous decision by a state court, and seeks relief from a state court judgment based

14   on that decision.'" Carmona, 603 F.3d at 1050 (quoting Noel, 341 F.3d at 1164). See also Doe

15   v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal

16   courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in

17   state court' seeks 'what in substance would be appellate review of the state judgment in a United

18   States district court, based on the losing party's claim that the state judgment itself violates the

19   loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert.

20   denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment,

21   such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state

22   court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

23              [A] federal district court dealing with a suit that is, in part, a
               forbidden de facto appeal from a judicial decision of a state court
24              must refuse to hear the forbidden appeal. As part of that refusal, it
               must also refuse to decide any issue raised in the suit that is
25              'inextricably intertwined' with an issue resolved by the state court
               in its judicial decision.
26

1   Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158).  See also Exxon, 544 U.S. at 286 n. 1

2   (stating that "a district court [cannot] entertain constitutional claims attacking a state-court

3   judgment, even if the state court had not passed directly on those claims, when the constitutional

4   attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S.

5   at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims

6   raised in the federal court action are 'inextricably intertwined' with the state court's decision

7   such that the adjudication of the federal claims would undercut the state ruling or require the

8   district court to interpret the application of state laws or procedural rules") (citing Feldman, 460

9   U.S. at 483 n. 16, 485).

10          Here, although the specifics are unclear from the allegations of the complaint,

11   plaintiffs are alleging that orders issued by the state court and David Oliver's resulting arrest and

12   imprisonment were all unlawful.[5]  In this regard, plaintiffs' amended complaint in this civil rights

13   action appears to be a de facto appeal from a state court judgment.

14          Moreover, the Younger abstention doctrine forbids federal courts from interfering

15   with pending state criminal proceedings by granting injunctive or declaratory, absent

16   extraordinary circumstances that create a threat of irreparable injury.  See Younger v. Harris, 401

17   U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  This doctrine

18   has been extended to apply to certain civil proceedings involving important state interests.

19   Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987); Middlesex County Ethics Comm'n v.

20   Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  In general, Younger abstention is appropriate

21   when state proceedings of a judicial nature:  (1) are ongoing; (2) implicate important state

22   interests; and (3) provide an adequate opportunity to raise federal questions.  Middlesex County

23

24          [5] Although the argument was not raised in defendant's motion to dismiss, plaintiffs'
     complaint may also be Heck-barred.  See Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th
25   Cir. 2011) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("Thus, if finding in favor of a
     § 1983 plaintiff 'would necessarily imply the invalidity of his conviction or sentence   . . . the
26   complaint must be dismissed.'"))

1  Ethics Comm'n, 457 U.S. at 432; Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en

2  banc).

3          Here, it appears there are ongoing state judicial proceedings involving plaintiff

4  David Oliver that implicate an important state interest and that provide an adequate opportunity

5  to raise federal questions.  Specifically, on April 16, 2013, plaintiff David Oliver filed a letter

6  with this court stating that "in the matter before your court," the Placer County Superior Court

7  "placed a 'NO BAIL' [hold on plaintiff David Oliver] for violation of probation."  (Doc. No. 26.)

8          Finally, but perhaps most importantly, the Eleventh Amendment bars suits against

9  a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that

10  immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County

11  Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash.

12  Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of

13  Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh

14  Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal

15  consent by the state.").

16          To be a valid waiver of sovereign immunity, a state's consent to suit must be

17  "unequivocally expressed in the statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  See

18  also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245.  "[T]here can be no

19  consent by implication or by use of ambiguous language."  United States v. N.Y. Rayon

20  Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption

21  against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers

22  "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory]

23  language requires."  United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations,

24  ellipses, and internal quotation marks omitted).  "To sustain a claim that the Government is liable

25  for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously

26  to such monetary claims."  Lane, 518 U.S. at 192.  The Ninth Circuit has specifically recognized

7

1     that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to

2     claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was

3     not intended to abrogate a State's Eleventh Amendment immunity." <u>Brown v. California Dept.</u>

4     <u>of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) (quoting <u>Dittman v. California</u>, 191 F.3d 1020,

5     1025-26 (9th Cir. 1999)).

6           Here, the only defendant who has been served with process and appeared in this

7     action is the Placer County Superior Court.[6]  That court is an arm of the state and is protected

8     from lawsuit by the Eleventh Amendment.  <u>See</u> <u>Simmons</u>, 318 F.3d at 1161 (plaintiff cannot

9     state a claim against Sacramento County Superior Court because it is an arm of the state and such

10    suits are barred by the Eleventh Amendment); <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 831 (9th Cir.

11    1995) (claim against South Orange County Municipal Court barred by Eleventh Amendment

12    because it is "arm of the state"); <u>Greater L.A. Council on Deafness, Inc. v. Zolin</u>, 812 F.2d 1103,

13    1110 n.10 (9th Cir. 1987) (Eleventh Amendment bars suit against a Superior Court of State of

14    California for damages, injunctive relief, and declaratory relief).[7]

15    /////

16    /////

17    /////

18

19        [6]  Plaintiffs' complaint also names Shelley Leigh Wright as a defendant.  There is no
    evidence before the Court, however, that Shelley Wright was ever served with summons and

20    Shelley Wright has not appeared in this action.  In the order setting a Status (Pretrial Scheduling)
    Conference, filed November 15, 2012, (Doc. No. 8), plaintiffs were advised that Rule 4(m) of the

21    Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the
    summons and complaint is not accomplished on the defendant within 120 days after the

22    complaint was filed.

23        [7]  Moreover, plaintiffs are advised that they could not cure this defect by naming as
    defendants the Superior Court judges who presided over the state court actions involving plaintiff

24    David Oliver because judges are absolutely immune from suit for acts performed in a judicial
    capacity.  <u>See</u> <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 435 & n.10 (1993); <u>Mireles v.</u>

25    <u>Waco</u>, 502 U.S. 9, 11 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 357-60 (1978); <u>Ashelman v.</u>
    <u>Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions

26    for judicial acts taken within the jurisdiction of their courts.").

LEAVE TO AMEND

For all the reasons stated above, plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted.  The undersigned has carefully considered whether plaintiffs could file a further amended complaint that states a cognizable federal claim that would not be subject to dismissal.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of obvious deficiencies of the complaint noted above, the undersigned finds that it would be futile to grant plaintiffs leave to amend.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff Chalise Wilborn's March 4, 2013 motion for removal from this action (Doc. No. 21) is granted.

Also, IT IS HEREBY RECOMMENDED that:

1.  Defendant Placer County Superior Court's February 15, 2013 motion to dismiss (Doc. No. 20) be granted;

2.  Plaintiffs' October 30, 2012 complaint (Doc. No. 1) be dismissed without leave to amend; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 13, 2013.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:6
   Ddad1\orders.pro se\oliver2705.mtd.f&rs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26